UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARA ANN MEADOWS,

     Plaintiff,

v.                                    Case No: 6:15-cv-1591-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## ORDER

Pending before the Court are a Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. 35) and an Amended Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 36). The motions follow the issuance of an Order and Judgment reversing the decision of Defendant, the Commissioner of Social Security, with respect to Plaintiff's claim for benefits, and remand of the case pursuant to sentence four of 42 U.S.C. § 405 (Docs. 30, 31). Plaintiff's attorney, Sarah Bohr, seeks an award of $23,282.25, pursuant to a contingency agreement with Plaintiff. Although she represents that the motion is not opposed, upon review, the initial motion (Doc. 35) is **DENIED, as moot,** and the amended motion (Doc. 36) is **DENIED, without prejudice** to renewal, upon the provision of additional information.

I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees

awarded under § 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("EAJA"). Under § 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] Dawson applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. Wood v. Comm'r of Soc. Sec., 861 F.3d 1197, 1205-6 (11th Cir. 2017); see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x. 673 11th Cir. 2013); Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314 (11th Cir. 2012).[2]

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981).
[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

For the third avenue of attorney compensation, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevails and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a savings provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from her subsequent 42 U.S.C. § 406(b) request).

The application of these provisions in this circuit means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See Wood, 861 F. 3d at 1206-07 (the district court did not err by imposing a 25% cap on § 406 fees and by including the EAJA awards in establishing the cap); see also Paltan, 518 F. App'x.at 674; Bookman, 490 F. App'x 314; Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.")

The fee itself must also be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)

(citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

II. The Fee Calculation

After judgment, the Court granted counsel attorney's fees of $7,641.16 under the EAJA (Doc. 33, 34). On remand, the Commissioner issued a fully favorable decision and awarded Plaintiff past due benefits in the amount of $93,129.00,[3] one-fourth of which is $23,282.25 (Doc. 36-2 at 3). Plaintiff's counsel asks this Court to authorize and award a fee of $15,641.09, noting that "upon receipt of the amount sought under 406(b)," counsel will refund the EAJA fees.

While Ms. Bohr addresses the EAJA award, she has not accounted for any award which may have been made to her or another representative of Plaintiff pursuant to § 406(a).[4] This information is critical to the analysis as the Court cannot assure itself that the sought-after fee would not exceed the 25% cap if a § 406(a) award has been previously sought or approved by the Commissioner. Absent a statement as to the status

---

[3] The motion incorrectly states that past due benefits of $93,282.25 are owed (Doc. 36 at 2).
[4] It appears that Plaintiff had counsel at the agency level. While counsel may have waived a § 406(a) fee, the Court cannot assume this.

of any § 406(a) fees awarded (or pending application for same), the motion is incomplete and the request cannot be approved. The motion may be renewed upon the provision of the missing information.[5]

DONE and ORDERED in Orlando, Florida on January 16, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[5] The Commissioner's counsel could (and should) have provided this information to Plaintiff's counsel as part of the conferral under Local Rule 3.01(g).